## MARKS v ROBINS

Ohio Appeals, 7th Dist, Mahoning Co

No 2336.   Decided Jan 5, 1936

Murray A. Nadler, Youngstown, for appellee.
C. F. Scanlon, Akron, for appellant.

## OPINION

By CARTER, J.

This cause is in this court on appeal on questions of law.   Plaintiff in his petition alleges, in substance, that the defendant owns and resides in the premises known for numbering property as 265 Outlook Avenue in the city of Youngstown; that certain premises, consisting of a dwelling house, in front of which, between the curb and the cement walk, is what is known as a park strip, which park strip is part of the sidewalk and must be crossed to enter upon the premises of the defendant from the street; that in this particular street, directly in front of these premises, are two young trees; that some time prior to April 1st, 1934, the defendant, through her duly authorized agent and employe, constructed certain guy wires attached to said trees at a point on same approximately three feet from the ground and extending therefrom to a point in the ground approximately three feet east and west of each of said trees, that these wires were constructed of black wire of an approximate diameter of one sixteenth of an inch, that no pipe or wooden strip or other device was attached to these wires so as to make them visible in the night season to pedestrians or invitees, that the defendant maintained these guy wries from the date of their construction up to the date of the filing of this petition in such a manner as to permit same to become loose and saggy; that there was in force and effect the following city ordinance in the city of Youngstown at the time of the erection and maintenance of said guy wires, as follows:

"Section 575.   No guy wire shall at any time hereafter be located or maintained at any point within the limits of a street, alley or other public place unless the same is necessary in order to properly keep and maintain in a safe and stable condition the line or pole to which such guy wire is attached."

"Section 576.   Whenever it shall become necessary to maintain a guy wire at any

point in a street, alley or public place where it is probable that persons using such street, alley or public place will come in contact therewith, the owner thereof shall cover such guy wire with a pipe, or attach thereto a wooden strip or strips or other device designed to render the same plainly visible, such pipe, strip or other device or guard to have a diameter or width of not less than two and one-half 2½ inches."

He further avers that on or about the 25th day of November, 1934, at the hour of nine P. M., this plaintiff, as an invitee, of defendant, was about to call at the home of the defendant for the purpose of visiting her father; that he was at the time crossing this park strip; that he was unable to see these wires so strung from the said trees to the ground, and that he tripped over same, falling to the ground and injuring him to the extent that as a result thereof he has been permanently injured. It is claimed that the aforesaid injuries were received as a direct and proximate result of the negligence of the defendant in constructing these guy wires within the city of Youngstown without properly guarding the same as provided by the city ordinance; in maintaining these guy wires in front of her premises in so loose and saggy condition as to make them dangerous; in failing to warn plaintiff of the presence of these wires and failing to provide a reasonably safe place in and about her premises for plaintiff and other invitees of the defendant using said premises and the approach thereto, and alleges that he was guilty of no negligence on his part.

To this petition an answer was filed in which the defendant admits that she owns and resides in the premises known as 265 Outlook Avenue in the city of Youngstown, and denies each and every allegation not expressly admitted to be true, and in her second defense she alleges that the injuries sustained by plaintiff, if any, were caused directly and proximately by his own negligence, and to this answer a reply was filed denying each and every allegation and averment therein contained inconsistent with the allegations contained in such petition. The issues thus joined, the cause came on for trial to the court and jury. At the conclusion of plaintiff's evidence the defendant made a motion for a directed verdict, and immediately thereafter plaintiff made a similar motion. Thereupon the court properly gave each party an opportunity to withdraw their motion and submit the issues to the jury, of which neither party took advantage. Thereupon the jury was discharged and at the conclusion of arguments by counsel the court made a finding in favor of plaintiff in the amount of three thousand dollars. Thereupon a motion was made by defendant for judgment notwithstanding the finding, which was overruled. A motion for new trial was thereupon filed and overruled and appeal is prosecuted to this court to reverse the finding and judgment of the lower court.

The record discloses that on the evening of November 25th, 1934, the appellee, plaintiff below, was on his way to the home of appellant for the purpose of visiting her father, parked his car at or near the premises in question and attempted to cross the park strip which is located directly in front of the defendant's premises, and when in the act of crossing this park strip he tripped and fell over one of the wires attached to one of these small trees which had been planted in this park strip. This park strip was within the limits or confines of the street. It further appears that the person from whom the husband purchaser the trees planted same and that the husband and his hired man placed the wires. It will be observed that the plaintiff is seeking to attach liability, not to the husband or the hired man, but to the owner of the premises Anna Robins, the allegation of the petition in this respect being as follows:

"That the said defendant, through her duly authorized agent and employe, constructed certain guy wires attached to said trees at a point on said trees approximately three feet from the ground."

In other words, this action is brought against the wife for the alleged negligence or tort of her husband and hired man in placing these wires, and it is also claimed that she was negligent in permitting same to remain in a dangerous condition on or near her premises, and in maintaining the approach to her premises in a dangerous condition. There is no claim made that the defendant actually participated in the erection of these wires. As stated in 21 O. J., page 406:

"It is, of course, beyond question that the mere relationship of a husband and wife does not impose upon the wife any liability for the torts of her husband. No liability is in general imposed upon a wife for the torts of her husband by the mere fact that they were committed in connection with

or with reference to property of which she is the owner."

In the case of **Bretzfelder v Demardee, 102 Oh St 105**, the court say:

"In an action against the husband for the wife's negligence, the marital relationship of itself is not a sufficient ground for recovery against him. It must be proven that the negligent act of the wife was committed in the furtherance of her husband's business or in the execution of his orders. A relationship of principal and agent or of master and servant between them must be shown as a basis for recovery against him."

Is there sufficient evidence in this record to establish the relationship of principal and agent or master and servant as between the husband, the hired man, and the defendant in this case? The testimony, and the only testimony introduced in the case bearing on this question, was that of the husband of the defendant, and is as follows:

"Q. Who planted the two trees?
A. I did.
Q. When did you plant them?
A. About a year ago.
Q. At the time you planted these trees did you put any wires near these trees or guard wire near the trees?
A. Yes sir, the day they were planted.
Q. Who did the planting?
A. The man I bought the trees from.
Q. Who put the wires around the trees?
A. Myself and the man who works for me.
Q. Was your wife around at the time?
A. She was in the house."

**Sec 8002 GC** provides that:
"Neither husband or wife, as such, is answerable for the acts of the other."

There is no evidence in this record indicating that the husband was by the wife authorized or instructed to buy these trees to plant them in this park strip or to place the wires about them. On cross examination the husband testified that the hired man was one who worked about the house. However, there is no evidence that he was in the employ of defendant and there is direct and positive proof in the record that the hired man was in the employ of the husband. In the light of this evidence can it be claimed that the husband and the hired man, or either, were agents or employes of the defendant? The burden of proof was on the plaintiff to establish these material allegations in the petition, and the fact that the relationship of husband and wife existed raises no presumption of agency, especially since this construction was done otherwise than upon the premises of the wife. The park strip in front of defendant's property was not and is not her property. It was within the confines of the street which had been dedicated for public purposes and held in trust for the general public for street purposes. §3585 GC provides:

"The map or plat so recorded shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel or parcels of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated or intended."

**Sec 3714 GC** provides that:
"Municipal corporations shall have special power to regulate the use of the streets to be exercised in the manner provided by law. The counsel shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts, within the corporation and shall cause them to be kept open, in repair and free from nuisance."

It is a matter of common knowledge that a conveyance of real estate in a municipality only extends to the street lines and not to the center thereof. It is clear that the title to this park strip was not in the defendant, the owner of the premises abutting thereon. Had this construction been upon her property, and she had knowledge thereof and had acquiesced therein, a different question might be presented for determination.

It is further urged that by virtue of §8318 GC the husband was the agent of the wife. This section is found in the Mechanic's Lien Law of the State. We are satisfied that such section has no applicaton to the case at bar. In the first place, as above indicated, this construction was not upon her property. In the second place, this action is one for tort and not one in contract. It is further urged that the wife did not complain of the acts of the hus-

band and hired man in the placing of these wires. As heretofore suggested, these acts were not performed upon her property but within the street, and the defendant would not be duty bound, in order to escape liability, to have same removed, as she did not actually place the wires and is not liable by reason of either the doctrine of principal and agent or master and servant, when such relationship has not been established. In this situation the court is not committed to the doctrine that she thereby ratified the acts of the husband or hired man by reason of her permitting same to remain upon this park strip; neither does the doctrine of estoppel apply in such a situation as presented. If the husband or hired man had opened a hole in a portion of the street in front of her property, and someone was injured by falling therein, it could hardly be claimed by reason of that fact alone she would be liable for such injuries, because she owned the property abutting upon the street.

It is also urged that acceptance of benefits by the wife binds her. Under the situation presented in this case this principle has no application, as the construction was not upon her property and agency has not been established.

It is further urged that she was negligent in maintaining a dangerous condition on or adjacent to her premises. This court is not prepared to go so far as to hold that if a third party constructs a ▮▮▮▮ dangerous instrumentality on premises adjoining her property, she would be liable therefor by permitting same to remain thereon in the absence of agency or the relationship of employer and employe, in the absence of actual participation in such construction; we are not holding that no liability exists in this case. The liability is sought to be imposed upon the wife, the owner of the property abutting on this street.

It is further urged that city ordinance No. 576 fixes her liability. This section reads as follows:

"Whenever it shall become necessary to maintain a guy wire at any point in a street, alley or public place where it is probable that persons using such street, alley or public place will come in contact therein, the owner thereof shall cover such guy wire with a pipe, or attach thereto a wooden strip or strips, or other device designed to render the same plainly visible. Such pipe, strip or other device or guard to have a diameter or width of not less than two and one-half inches."

Assuming this ordinance is applicable to the case at bar, there is no evidence as to the defendant being the owner of this wire or the land upon which it was constructed, and in the absence of such evidence such ordinance would be non-effective as to the defendant. If we are to indulge in any presumption it would be that the ownership was in the husband in the absence of any proof that he or the hired man were acting as agent or employee of the defendant. The ordinance provides that the owner is liable for failing to construct such covering as provided therein. We have examined each and all of the claims presented by counsel for appellant and appellee, and conclude that under the evidence in this case there is no liability shown on the part of the defendant. At the conclusion of plaintiff's evidence a motion was made by the defendant for a directed verdict. This was overruled by the trial court. In this we believe the lower court erred for the reason there was no evidence establishing the relationship of principal and agent or master and servant, no evidence of ratification or estoppel; that §8318 GC has no application to the case at bar and that no evidence was introduced making effective city ordinance 576 as against the defendant.

Coming to this conclusion the lower court is reversed and coming now to render the judgment which the lower court should have rendered on defendant's motion, final judgment is rendered in favor of the defendant.

ROBERTS and NICHOLS, JJ, concur.