**SOWERS, Plaintiff-Appellee, v. BIRKHEAD, Extrx., Defendants-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5934. Decided December 16, 1958.

Shoemaker, George & Passmore, Columbus, for plaintiff-appellee.
Smith, Clark & Holzapfel, Columbus, for defendants-appellants.

## OPINION

By BRYANT, J.

This is an appeal on questions of law from the judgment in the court below in the amount of $8,000 in favor of Frank Eldon Sowers, plaintiff, appellee, and against two defendants, Elizabeth Birkhead, as executrix of the estate of Pird W. Birkhead, deceased, and Elizabeth Birkhead, as an individual, age 79 years, defendants, appellants. Inasmuch as Frank Eldon Sowers was only three years of age, the suit was brought by Lawrence Eldon Sowers, his father and next friend.

From a consideration of the entire record it would appear to be the claim of plaintiff-appellee that he was living with his parents at 3849 Aberdeen Avenue, Columbus, Ohio, which residence property was owned by Pird W. Birkhead, since deceased, represented by Elizabeth Birkhead, as executrix, and by Elizabeth Birkhead. The petition contains the formal allegations required as to the appointment of Elizabeth Birkhead, as executrix, the presentation of the claim to her on behalf of plaintiff within four months after her appointment, and that she rejected it, after which suit was brought.

It was the claim of plaintiff that on July 27, 1955 Pird W. Birkhead, husband of Elizabeth Birkhead, was engaged in erecting a porch or stoop at the back of the house at 3849 Aberdeen Avenue, that in applying roofing material to said stoop, Pird W. Birkhead climbed upon and sat upon said stoop with his legs hanging over, that the porch or stoop collapsed falling twelve feet to the ground and striking plaintiff, inflicting severe injuries to his left hand. The petition specifically claimed that while Pird W. Birkhead was applying the roofing to the stoop he "caused, permitted, allowed, the structure on which he was roofing to be precipitated down and onto the body and person of Frank Eldon Sowers, that at said time and place Pird A. Birkhead was in sole control of the structure * * *."

The petition contained a detailed description of the bones broken and the other injuries to the left hand of plaintiff, that he was hospitalized under medical care, incurred medical bills exceeding $800, will have future medical expense, has had surgery on two occasions and will be "handicapped permanently in the use of his left hand and that said hand will be disfigured. That the injury has caused him severe pain and shock * * *." As a result, plaintiff claimed damages in the amount of $20,000 against the two defendants.

The answer of the executrix, after certain formal admissions concerning her appointment as such, the presenting and rejecting of the claim and the filing of the suit, sets forth a general denial of other allegations of the petition.

The answer of Elizabeth Birkhead, as an individual, admits she was the owner of the undivided one-half interest in the premises at the rear

of which plaintiff was injured, that the dwelling house was rented to the parents of plaintiff, after which is set forth a general denial of allegations not admitted to be true.

The matter was tried to a jury upon the evidence and a number of exhibits, after which the jury returned a verdict in favor of plaintiff and against the two defendants in the amount of $8,000.

Defendant complains of the general charge of the court. to the jury in its first assignment of error. One part of this assignment is that the court charged upon the subject of future as well as past pain and suffering. Defendant contended there was no allegation in the petition with reference to future pain and suffering. With this we cannot agree. The petition clearly alleges the need for future medical care, that there will be a permanent disfigurement of the hand and that there will be permanent handicap or impairment in the use of the hand. This objection is not well taken and is overruled.

Objection also is made to the charge of the court which authorized the jury to assess damages in favor of plaintiff for loss of earnings in the future, defendant arguing that plaintiff was only three years of age and that until he arrives at maturity or is emancipated, his earnings belong to his parents and cannot be recovered by him. We agree with this contention of defendant and this portion of the assignment of error is well taken and will be sustained.

The final portion of the first assignment of error relates to the use of the word, "may," by the court in that part of its charge relating to alleged impairment of health "in so far as it may be impaired as a result of such injuries." Defendant contends this permits the jury to speculate and to take into account mere possible injury. With this we do not agree and this objection will be overruled.

We shall consider the two remaining assignments of error together, the second objecting to the overruling for defendant's motion for a new trial and the third complaining that the verdict is not sustained by sufficient competent evidence, is excessive and is contrary to law.

It was not alleged in the petition but was brought out in the evidence that during his lifetime Pird W. Birkhead was the husband of Elizabeth Birkhead. (Bill of Exceptions p. 13, line 18, p. 69, line 11 and p. 70, line 6.)

So far as the petition is concerned, the Birkheads were merely tenants in common and the sole reference to Mrs. Birkhead in the body of the petition is as follows: "and that Pird W. Birkhead and Elizabeth Birkhead were each owner of an undivided one-half interest in the aforementioned premises * * *."

Sec. 3103.08 R. C., expressly relieves husband and wife from any duty to answer for the acts of the other. This section reads as follows:

"Neither husband nor wife, as such, is answerable for the acts of the other."

Under the common law rule, until it was abrogated by statute, the husband could be made liable for the negligent acts of his wife. It has been held by the Supreme Court of Ohio that §8002 GC, predecessor of §3103.08 supra, R. C., abrogates the common law rule above referred to.

We have never heard of any rule which makes the wife liable for the acts of the husband nor is it so contended here.

What then is the claim of plaintiff which makes the wife liable? It is crystal-clear that she herself took no steps whatsoever involving any element of negligence affecting this case. Was it master and servant, principal and agent, tenancy in common or what?

So far as we can learn the record is completely lacking in any allegation that Pird W. Birkhead had any authority whatever to act for or on behalf of his wife or that he was so doing or made any claim to such authority. Mere proof of the marital relationship is not sufficient to establish a husband's agency for his wife. The rule is stated in 41 Corpus Juris Secundum 547, Husband and Wife, Section 70, as follows:

"Proof of the existence of the marital relation does not establish the husband's agency for his wife, but the agency of the husband is a question of fact which may be proved by either direct or circumstantial evidence."

The record here is completely silent, as is the petition, with reference to this question.

The authority just above cited states that the burden of proof in such a case is upon the one who claims such authority existed and the above text continues as follows at p. 547:

"Whether the husband was the agent of his wife is a question of fact to be found as any other fact. It is a fact to be proved by evidence, and not to be presumed. There is no presumption of law that the husband has authority to act on behalf of the wife.

"Burden of proof. In an action against the wife to hold her responsible for the act or contract of her husband, **plaintiff has the burden of showing the agency and authority of the husband or a ratification by the wife.**" (Emphasis added.)

In the case of the **Royal Indemnity Co. v. McFaden et al., 65 Oh Ap 15,** where an alleged compromise offer of the husband on behalf of his wife was in issue, it was held that actual proof of the authority of the husband was required and the mere relationship of husband and wife raised no inference of authority for the husband to speak for his wife.

Matthews, J., in the opinion in the Royal Indemnity Co. case, supra, at p. 19 wrote as follows:

"The plaintiff could only succeed on proof of actual authority. There had never been any prior similar transactions upon which to predicate a holding out, from which authority could be implied. This was the first transaction, and, for that reason, evidence of actual authority was essential."

In **28 O. Jur. (2d) 229, Husband and Wife, §102, (B), Wife's Responsibility for Acts of Husband,** it is stated:

"The Code provides that a wife, as such, is not answerable for the acts of her husband. She is not bound by his acts in relation to her property unless he is her agent. * * *."

The same authority at p. 230, Husband's Torts, §103, continues:

"Since a wife is not, as such, answerable for the acts of her husband, the marital relationship does not of itself impose upon the wife any

**liability for the torts of her husband.** No liability is, in general, imposed upon a wife for the torts of her husband **by the mere fact that they are committed in connection with or with reference to property of which she is the owner."** (Emphasis added.)

Cited in support thereof is the case of **Marks v. Robins, 23 Abs 538,** decided by the Seventh District Court of Appeals on January 5, 1936. (Motion to certify overruled March 3, 1937.) The first and third branches of the syllabus in the Marks' case, supra, are as follows:

"1. The mere relationship of husband and wife does not impose upon the wife any liability for the torts of her husband.

"3. The mere relationship of husband and wife raises no presumption of agency."

Again in 28 O. Jur. at p. 232, it is stated:

"The mere relationship of husband and wife does not impose upon the wife any liability for the negligence of her husband."

The same authority at p. 233 says as follows:

"A husband is not, however, authorized in any manner to act for his wife simply because of the relationship of husband and wife. **He has no inherent or original power to act as his wife's agent, and in order to bind his wife by his acts, he must be expressly authorized by her appointment,** or his acts must be subsequently ratified by her, or his authority must be implied or ostensible. **There is no presumption of his authority to act for her, and his agency must be proved by evidence, as any other fact."** (Emphasis added.)

Coming now to the case of Elizabeth Birkhead, as an individual, it is our opinion for the reasons above set forth that the trial court erred (Record pp. 102 and 103) in charging that husband and wife were engaged in a joint enterprise, there being no allegation whatsoever of this fact in the petition and no evidence in the record upon the entire subject. Therefore, the court also erred in overruling the motion for a new trial so far as Elizabeth Birkhead, as an individual, was concerned, and further as to the last named defendant, the evidence was totally insufficient to sustain the verdict and was therefore contrary to law.

We therefore find the second and third assignments of error well taken so far as Elizabeth Birkhead, an individual, is concerned.

With respect to the liability of the decedent, Pird W. Birkhead, we feel that the negligence has been established and there was sufficient evidence to take the case to the jury but that the amount of damages awarded appears excessive in light of the evidence. However, it will not be necessary for us to take any action with reference thereto in light of our belief that a new trial will be necessary in the case of the decedent.

As to Elizabeth Birkhead, as an individual it is our order that the verdict and judgment be set aside and held for naught and final judgment entered in her favor.

As to Elizabeth Birkhead, as executrix, the judgment of the court below is reversed and set aside and the cause remanded for a new trial in accordance with the opinion in this case.

PETREE, PJ, MILLER, J, concur.